*Judge Pauley*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
PHIL LIFSCHITZ,

               Plaintiff,

   -against-

EVERCEL, INC.,

               Defendant.
------------------------------------------------------------- x

**07 CV 10380**

: Case No.

: ECF

: NOTICE OF REMOVAL



    The petitioner, Evercel, Inc. ("Evercel"), respectfully petitions this Court as follows:

    1.    Evercel is a defendant in this civil action brought in the Supreme Court of the State of New York, County of New York ("State Court Action"). A copy of the Summons and Complaint ("Complaint") is attached hereto as Exhibit "A".

    2.    Evercel first learned of the State Court Action when it received a copy of the Summons and Complaint on October 26, 2007.

    3.    This petition is being filed pursuant to 28 U.S.C. § 1446(b) within 30 days of the receipt on October 26, 2007 of the initial pleading by defendant Evercel.

    4.    Upon information and belief, plaintiff Phil Lifschitz ("Lifschitz"), is a resident of the State of New York, County of New York. *See* Complaint, ¶ 1.

    5.    Evercel is a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business located at Pond Park Road, Hingham, MA 02043.

    6.    The State Court Action seeks payment from Evercel in the amount of One Million ($1,000,000) Dollars for alleged Evercel stock which plaintiff alleges was not registered by Evercel and cannot be sold by plaintiff.

7. Removal of this action is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction over the subject matter under 28 U.S.C. § 1332(a). Lifschitz and Evercel are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs. The state court in which the State Court Action was brought is located within the Southern District of New York.

8. The State Court Action does not fall within any class of actions which, under applicable rules, laws, or statutes, is prevented from or limited in the right of removal.

9. Pursuant to 28 U.S.C. § 1446(d), notice of the filing of this Notice of Removal is being given to all parties in the State Court Action by filing a Notice to Adverse Party of Removal to Federal Court, along with a copy of this Notice of Removal, in the State court Action and by service upon the plaintiff in accordance with applicable rules.

10. Evercel reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

WHEREFORE, pursuant to the provisions of 28 U.S.C. Sections 1441 and 1446, defendant Evercel respectfully requests that this action be removed from the Supreme Court of the State of New York and henceforth proceed in this Court.

Dated: New York, New York
November 16, 2007

ROBINSON & COLE LLP

By _____
Joseph L. Clasen (JC-1759)
Melissa F. Savage (MS-4419)
Attorneys for Defendant, Evercel, Inc.
885 Third Avenue, Suite 2800
New York, New York 10022
Tel. No.: 212-451-2900
Fax No.: 212-451-2999

To:  David Jaroslawicz, Esq.
     Jaroslawicz & Jaros, LLC
     Attorneys for Plaintiff
     225 Broadway, 24th Floor
     New York, New York 10007
     Tel. No.: 212-227-2780

## INDEX OF DOCUMENTS
## FILED IN STATE COURT
### (Exhibit A)

| Tab | Document | Alleged Filing Date |
|-----|----------|---------------------|
| 1 | Summons and Complaint | October 18, 2007 |

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PHIL LIFSCHITZ,

                Plaintiff,

-against-

EVERCEL, INC.,

                Defendant.

---

Index No. 603454/07
Date Purchased 10-18-07
Plaintiff(s) designate(s)
NEW YORK
County as the place of trial.

The basis of venue is
Plaintiff's address

SUMMONS
Plaintiff(s) address:
125 Broad Street
New York, New York 10007

County of New York

To the above named Defendant(s):

    *You are hereby summoned* to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's Attorney(s) within twenty days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       October 17, 2007

JAROSLAWICZ & JAROS, LLC
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
      David Jaroslawicz

Defendant(s) address(es):

EVERCEL, INC.
20 Pond Park Road
Hingham, MA 02043

NEW YORK
COUNTY CLERK'S OFFICE
OCT 18 2007
NOT COMPARED
WITH COPY FILE

RECEIVED BY EVERCEL, INC
10/26/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------x

PHIL LIFSCHITZ,                                       Index No.

                    Plaintiff,            **VERIFIED COMPLAINT**

    -against-

EVERCEL, INC.,

                    Defendant.

---------------------------------------------------------------x

Plaintiff, by his attorneys, Jaroslawicz & Jaros, complaining of the defendants, upon information and belief, alleges as follows:

### THE PARTIES

1.    At all times hereinafter mentioned, plaintiff is a resident of the State of New York, County of New York.

2.    At all times hereinafter mentioned, upon information and belief, the defendant is a foreign corporation, duly organized and existing under and by virtue of the laws of the State of New York, authorized to do business and doing business in the State of New York and therefore subject to jurisdiction in the State of New York.

### THE UNDERLYING FACTS

3.    For many years the plaintiff was a substantial shareholder of Sontek Industries Inc. ("Sontek").

4.    Approximately eighteen months ago, Evercel's control group, led by one Robert Rubin of New York City, arranged to compel a merger with Sontek.

5. Pursuant to the forced merger with Sontek, plaintiff was compelled to tender his Sontek shares for Evercel shares.

6. Evercel trades on the over-the-counter market under the symbol EVRC.

7. The current price of Evercel is approximately two dollars per share.

8. Following the merger, Evercel was supposed to provide preferred stock and common stock to the plaintiff.

9. Plaintiff was given 85,907 common shares of Evercel but was never given any Evercel preferred stock, despite demand therefor.

10. In the interim, the Rubin control group of Evercel have been selling their shares on the open market.

11. At the same time, Evercel and the Rubin control group have refused to register plaintiff's shares so that plaintiff has been left with unregistered Evercel shares which he cannot sell and which have been rendered basically worthless.

12. Evercel has also refused to permit the plaintiff to sell his shares under Rule 144.

## AS AND FOR A FIRST CAUSE OF ACTION

13. By acting as aforesaid, the defendant has breached it agreement with the plaintiff by never providing him with Evercel preferred stock; wrongfully refusing to permit plaintiff to sell his shares under Rule 144 or to register them so that the shares can be sold in the open market which is what the Rubin control group is doing with its Evercel's shares.

14. By reason of the foregiong, defendant has breached its contract with the plaintiff.

15. By reason of the foregoing, plaintiff has been damaged in that he has never received the preferred stock; has been unable to sell his common stock; and plaintiff has been otherwise damaged.

16. By reason of the foregoing, plaintiff is entitled to recover all of his damages in an amount not to exceed the sum of One Million ($1,000,000) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION

17. Plaintiff hereby repeats, reiterates and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

18. The Evercel control group, which has a fiduciary duty to the Evercel minority shareholders such as the plaintiff herein, has sought to enrich itself at the benefit of the plaintiff and the other minority shareholders.

19. The Evercel control group has refused to register shares, other than their own, or to permit them to be sold under Rule 144, so that only the Evercel control group can sell its shares to the public on the open market, while the other shareholders are prevented from doing so.

20. Upon information and belief, the Evercel control group obtained control of Evercel by having insider information with respect to a company known as Zipcar, and that Evercel owned a substantial percentage of Zipcar, which information was concealed from the public.

21. Once the control group was in control, it has sought to sell its shares of Evercel in the open market and prohibited others from doing so, in order to artificially inflate the price of Evercel on the open market and thereby enriching themselves.

22. By reason of the foregoing, plaintiff has been damaged as set forth above.

3

23. By reason of the foregoing, plaintiff is entitled to recover all damages, actual and punitive, from the defendant in an amount not to exceed the sum of Five Million ($5,000,000) Dollars.

WHEREFORE, plaintiff demands judgment against the defendant, to recover for all of his damages, all together with the costs and disbursements of this action.

JAROSLAWICZ & JAROS, LLC
Attorneys for Plaintiff
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

By: _____
David Jaroslawicz

4

Law Offices of

---

Index No.
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---

PHIL LIFSCHITZ,

                Plaintiff,

-against-

EVERCEL, INC.,

                Defendant.

---

Summons & Verified Complaint

---

Law Offices of
Jaroslawicz & Jaros, LLC
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

NEW YORK
COUNTY CLERK'S OFFICE
OCT 18 2007
NOT COMPARED
WITH COPY FILE

# VERIFICATION

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

PHIL LIFSCHITZ, being duly sworn, deposes and says:

That he is one of the plaintiffs in the within action, that he has read the foregoing:

Complaint

and knows the contents thereof; that the same is true to his own knowledge, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters, he believes them to be true.

_____
Phil Lifschitz

Sworn to before me this
October 17, 2007

_____
Notary Public

DAVID JAROSLAWICZ
Notary Public, State of New York
No. 02JA7075140
Qualified in New York County
Commission Expires August 20, 2010

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------x

PHIL LIFSCHITZ,

                Plaintiff(s)

  -against-

EVERCEL, INC.,

                Defendant(s).
-------------------------------------------------------------x

Index No. 603454/07

Statement of Service by Mail and of Summons and Complaint or Summons and Notice or Notice of Petition and Petition

## Statement of Service By Mail

To: Evercel, Inc.
20 Pond Park Road
Hingham, MA 02043

The enclosed summons and complaint, or summons and notice, or notice of petition and petition are served pursuant to Section 312-a of the Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgment part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) may be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law may be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgment does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority. It is a crime to forge a signature or make a false entry on this statement or on the acknowledgment.

Jaroslawicz & Jaros, LLC
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

_____
Signature

Rochelle Meyer
Print Name

---

Acknowledgment of Receipt of Summons and Complaint
or Summons and Notice or Notice of Petition and Petition

I received a summons and complaint, or summons and notice, or notice or petition and petition in

the above-captioned matter at _____
                                insert address

PLEASE CHECK ONE OF THE FOLLOWING; IF 2 IS CHECKED, COMPLETE AS INDICATED:

___ 1. I am not in military service.

___ 2. I am in military service, and my rank, serial number and branch of service are as follows:

Rank_____ Serial Number_____ Branch of Service _____

Date:_____
(Date this Acknowledgment is executed)

I affirm the above as true under penalty of perjury.

_____
Signature

_____
Print Name

_____
Relationship to entity/Authority to Receive Service of Process

NOTE: RECEIVED 10/26/07

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------x

PHIL LIFSCHITZ,

                Plaintiff(s)

   -against-

EVERCEL, INC.,

                Defendant(s).

----------------------------------------------------------x

Index No. 603454/07

Statement of Service by Mail and of Summons and Complaint
or Summons and Notice or Notice of Petition and Petition

### Statement of Service By Mail

To: Evercel, Inc.
20 Pond Park Road
Hingham, MA 02043

The enclosed summons and complaint, or summons and notice, or notice of petition and petition are served pursuant to Section 312-a of the Civil Practice Law and Rules.

To avoid being charged with the expense of service upon you, you must sign, date and complete the acknowledgment part of this form and mail or deliver one copy of the completed form to the sender within thirty (30) days from the date you receive it. If you wish to consult an attorney, you should do so as soon as possible before the thirty (30) days expire.

If you do not complete and return the form to the sender within thirty (30) days, you (or the party on whose behalf you are being served) may be required to pay expenses incurred in serving the summons and complaint, or summons and notice, or notice of petition and petition in any other manner permitted by law may be entered as a judgment against you.

If you have received a complaint or petition with this statement, the return of this statement and acknowledgment does not relieve you of the necessity to answer the complaint or petition. The time to answer expires twenty (20) days after the day you mail or deliver this form to the sender. If you wish to consult an attorney, you should do so as soon as possible before the twenty (20) days expire.

If you are served on behalf of a corporation, unincorporated association, partnership or other entity, you must indicate under your signature your relationship to the entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority. It is a crime to forge a signature or make a false entry on this statement or on the acknowledgment.

Jaroslawicz & Jaros, LLC
225 Broadway, 24th Floor
New York, New York 10007
(212) 227-2780

_____
Signature

Rochelle Moyer
Print Name

### Acknowledgment of Receipt of Summons and Complaint
### or Summons and Notice or Notice of Petition and Petition

I received a summons and complaint, or summons and notice, or notice or petition and petition in the above-captioned matter at _____
                           insert address

PLEASE CHECK ONE OF THE FOLLOWING; IF 2 IS CHECKED, COMPLETE AS INDICATED:

____ 1. I am not in military service.

____ 2. I am in military service, and my rank, serial number and branch of service are as follows:

Rank_____ Serial Number_____ Branch of Service _____

Date:_____
(Date this Acknowledgment is executed)

I affirm the above as true under penalty of perjury.

_____
Signature

_____
Print Name

_____
Relationship to entity/Authority to Receive Service of Process

NOTE: RECEIVED 10/26/07

AFFIDAVIT OF SERVICE BY MAIL

State of New York )
                  ss.:
County of New York)

The undersigned being duly sworn deposes and says: Deponent is not a party to the within civil action, is over 18 years of age and resides in Rockland County, New York.

That deponent is an employee of plaintiff's attorney herein.

That on October 18, 2007 deponent serve the annexed Summons and Verified Complaint together with two copies of the within Statement of Service by Mail and Acknowledgment of Receipt and a return envelope, addressed to the sender, on the within defendant in this action at the within address by depositing a true copy of same enclosed in a first class postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service.

_____
Rochelle Meyer

Sworn to before me on
October 18, 2007

_____
Notary Public

DAVID JAROSLAWICZ
Notary Public, State of New York
No. 02JA7075140
Qualified in New York County
Commission Expires August 20, 2010

2